BRYAN SCHWARTZ LAW
Bryan J. Schwartz (SBN 209903)
Email: bryan@bryanschwartzlaw.com
1330 Broadway, Suite 1630
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301

*Attorneys for Individual and Representative Plaintiffs and the Putative Class*

FILED
13 MAR 29 PM 3:35
CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES
BY:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

KENNETH J. LEE and MARK G. THOMPSON, individually, on behalf of others similarly situated, and on behalf of the general public,

Plaintiffs,

vs.

JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; and DOES 1-10, inclusive

Defendants.

Case No. SACV13-0511 JLS (JPRx)

**CLASS AND COLLECTIVE ACTION**

**COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**

BY FAX

1. **Violation of Fair Labor Standards Act, 29 U.S.C. § 207**
2. **Violation of California Labor Code §§ 510, 1194, and 1198, and IWC Wage Order(s)**
3. **Failure to Provide Itemized Wage Statements (Cal. Labor Code § 226)**
4. **Failure to Reimburse Business Expenses (Cal. § 2802)**
5. **Failure to Provide and/or Authorize Meal and Rest Periods (California Labor Code §§ 512, 226.7, and IWC Wage Order(s))**
6. **Violation of Cal. Business and Professions Code § 17200, *et seq***

**DEMAND FOR JURY TRIAL**

## I. PRELIMINARY STATEMENT

1. This is a collective and class action brought by Individual and Representative Plaintiffs Kenneth J. Lee and Mark G. Thompson on their own behalf and on behalf of the proposed Collective and California Classes identified below. Plaintiffs and the putative class members were or are employed by Defendant JPMorgan Chase & Co. as commercial appraisers, including production appraisers ("Appraiser I;" "Appraiser II;" "Senior Appraiser") and review appraisers ("Review Appraiser;" "Senior Review Appraiser") (collectively, "Appraisers"). As Appraisers, Plaintiffs and the putative class members are, were, or should have been classified as covered, non-exempt employees under federal and state wage and hour laws, and entitled to overtime pay consistent with the requirements of these laws. These employees are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. The Collective Class is made of all persons who are or have been employed by Defendants as Appraisers in the Commercial Term Lending ("CTL") Appraisal division of Defendants' commercial banking operations in the United States within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").

3. The California Class is made up of all persons who are or have been employed by Defendants as Appraisers in the CTL Appraisal division of Defendants' commercial banking operations in the State of California within four years prior to this action's filing date through the date of final disposition of this actiont (the "California Class Period").

4. During the Collective Class Period and the California Class Period, Defendants failed to pay appropriate overtime compensation to each member of the Collective Class and California Class as required by federal and state law.

Plaintiffs seek relief for the California Class pursuant to applicable state law, rules, regulations, and Wage Orders of the Industrial Welfare Commission ("IWC"). The relief sought is to remedy the Defendants' failure to: pay appropriate overtime compensation, provide or authorize meal and rest periods, reimburse Plaintiffs for necessary business expenses, and maintain accurate time records, in addition to restitutionary and injunctive relief.

## II. THE PARTIES

5. Individual and representative Plaintiff Kenneth J. Lee resides in Long Beach, California (Los Angeles County). He was employed from March 5, 2007 through March 11, 2013 as a production "Appraiser II" in commercial term lending, first by Washington Mutual Bank and then by its successor-in-interest JPMorgan Chase & Co., most recently in Culver City, California (Los Angeles County). Plaintiff Lee brings his claim on behalf of himself and the Collective and California Classes. A written consent form for Plaintiff Lee is attached as Exhibit A.

6. Individual and representative Plaintiff Mark G. Thompson resides in Yorba Linda, California (Orange County). He was employed from March 2005 through July 3, 2012 as a "Senior Review Appraiser" in commercial term lending, first by Washington Mutual Bank and then by its successor-in-interest JPMorgan Chase, in Irvine, California (Orange County). Plaintiff Thompson brings his claim on behalf of himself and the Collective and California Classes. A written consent form for Plaintiff Thompson is attached as Exhibit B.

7. Upon information and belief, Defendant JPMorgan Chase & Co. is a Delaware Corporation doing business in and maintaining offices in several states throughout the United States, including California. Defendant JPMorgan Chase & Co. purposefully availed itself of the privileges of conducting business in California.

8. Upon information and belief, Defendant JPMorgan Chase Bank, National Association, is a national bank with U.S. branches in 23 states, is a wholly owned subsidiary of Defendant JPMorgan Chase & Co., and has purposefully availed itself of the privileges of conducting business in California.

9. Upon information and belief, JPMorgan Chase & Co. is composed of four major business segments, one of which is Commercial Banking. Commercial Banking, in turn, is composed of four primary segments, one of which is Commercial Term Lending. According to JPMorgan Chase & Co.'s most recent Form 10-K filed with the United States Securities and Exchange Commission, CTL primarily provides term financing to real estate investors/owners for multifamily properties as well as financing office, retail, and industrial properties. According to the 10-K, CTL's revenue in 2012 was $1.2 billion. Plaintiffs were employed as Appraisers in the CTL business segment.

10. Upon information and belief, Defendant JPMorgan Chase & Co. is successor-in-interest to Washington Mutual Bank, whose banking operations JPMorgan Chase & Co. acquired on or about September 25, 2008.

11. Defendants Does 1-10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiffs and the putative class members herein alleged were proximately caused by such Defendants.

12. Plaintiffs are informed, believe, and thereon allege that each of the Defendants herein was at all times relevant to this action the agent, employee, representative partner, and/or joint venturer of the remaining Defendants and was

acting within the course and scope of the relationship. Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## III. JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under the FLSA, 29 U.S.C. §§ 207, 216(b). Each representative Plaintiff has signed a consent form to join this lawsuit, attached hereto as Exhibits A and B. This Court has original jurisdiction over all of the state and federal claims herein under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because, upon information and belief, the amount in controversy exceeds $5,000,000 and the parties are citizens of diverse jurisdictions. This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

14. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims set forth herein occurred in this district.

## IV. COLLECTIVE ACTION ALLEGATIONS

15. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

**Collective Class:** All persons who are or have been employed by Defendants as a commercial production appraiser ("Appraiser I;" "Appraiser II;" "Senior Appraiser") or commercial review appraiser ("Review Appraiser;" "Senior Review Appraiser") in the CTL Appraisal division within the United States at any time from three years prior to the filing of this Complaint to the final disposition of this case.

16. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

17. Defendants' unlawful conduct has been widespread, repeated, and consistent.

18. Upon information and belief, Defendants knew that Plaintiffs and the Collective Class performed work that required overtime pay. Defendants have operated under a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

19. Upon information and belief, Defendants misclassified Plaintiffs and members of the Collective Class with the job titles of Appraiser I, Appraiser II, Senior Appraiser, Review Appraiser, or Senior Review Appraiser, or with similar duties to persons with such job titles or any job title held by Plaintiffs, as "exempt" from federal and state overtime laws. Defendants misrepresented to these employees that they were "exempt" and therefore were not entitled to overtime pay for hours worked in excess of forty a week.

20. Plaintiffs are not learned professionals as defined by the FLSA.

21. The primary duties of Plaintiffs and the Collective Class consisted of routine mental work, dictated by detailed guidelines enforced by Defendants. In essence, Plaintiffs and the Collective Class members were required to follow a detailed "checklist" and retrieve or verify required data for each appraisal they produced or reviewed.

22. Plaintiffs and the Collective Class members are subject to productivity requirements and are production workers, not administrators of Defendants' general business operations or makers of Defendants' overarching policies.

23. Although Defendants pay lip service to providing a "work/life balance" for Appraisers, Defendants are essentially employing Plaintiffs in an

appraisal sweatshop. Plaintiffs are required to churn through a minimum number of "billings" – *i.e.*, appraisals – each month, and are constantly threatened with discipline up to and including termination if they fail to meet their production quotas. Production Appraisers, such as Plaintiff Lee, must produce each appraisal report under Defendants' pre-established guidelines, within a set period of time and by a set due date for each appraisal. They are trained to apply Defendants' pre-established guidelines and procedures as they find them. Review Appraisers, such as Plaintiff Thompson, are glorified proofreaders who must apply the strict and detailed guidelines to check that Production Appraisers have correctly followed the protocol. Defendants measure the performance of Appraisers by assessing their productivity and their adherence to Defendants' production or review quotas and other pre-established guidelines and procedures.

24. To meet Defendants' quotas, Appraisers frequently are required to work far in excess of forty hours per week. Plaintiffs regularly work on weekends and holidays in order to meet their "billings" requirements. Plaintiff Lee regularly worked 70 hours per week, often worked more than 12 hours per day, and often worked seven days in a row for more than eight hours per day. If Plaintiffs take vacation or sick days, they receive no credit toward their billing requirements and must work additional overtime during the rest of the month to make up for billings that they failed to achieve as a result of having taken vacation or sick days. As a result, there is no real "vacation time" or "sick leave" – there is simply "reallocation of work" to the part of the month when Appraisers are not on vacation or sick.

25. Appraisers' bonuses were based in large part on meeting their production quotas.

26. Plaintiffs lack significant discretion over appraisal values they assign. Defendants' managers supervising Plaintiffs are the ones who have discretion over

appraisal values, and have, upon information and belief, at times required class members to alter their valuations in order to ensure that the valuation results are in line with Defendants' desired final valuation – *i.e.*, a valuation that will allow Defendants to sell a given loan or refinancing transaction.

27. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

28. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly-situated employees are known to Defendants and are readily identifiable through Defendants' records.

## V. CALIFORNIA CLASS ALLEGATIONS

29. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

**Proposed California Class:** All persons who are or have been employed by Defendants as Appraisers in the CTL Appraisal division (including production appraisers and review appraisers, with such titles as "Appraiser I;" "Appraiser II;" "Senior Appraiser"; "Review Appraiser;" "Senior Review Appraiser") within the State of California at any time from four years prior to the filing of this Complaint to the final disposition of this case.

30. Plaintiffs, on behalf of themselves and the California class, allege and incorporate by reference the allegations in the preceding paragraphs.

31. Numerosity: The Proposed California Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on

that basis allege, that during the relevant time period, Defendants employed several dozen people who are geographically dispersed and who satisfy the definition of the Proposed California Class.

32. Typicality: Plaintiffs' claims are typical of the members of the Proposed California Class. Plaintiffs are informed and believe that, like other Appraisers, they routinely worked more than eight hours per day and more than 40 hours per week during the Class Period. Plaintiffs had the same duties and responsibilities as other Class members and were subject to Defendants' policy and practice of: improperly treating and classifying these employees as "exempt" from state overtime law; misrepresenting to these employees that they were exempt from state overtime law; improperly failing to pay appropriate overtime compensation for all hours worked; failing to provide or authorize meal and rest breaks in compliance with state laws; failing to maintain accurate time records of hours worked by the Proposed California Class; failing to issue accurate itemized wage statements to these individuals; and failing to reimburse these employees for routine business expenses. In addition, Plaintiffs are informed and believe that, like other Appraisers, they were not fully reimbursed or indemnified by Defendants for expenses incurred when performing work for Defendants from their home offices, or when they travelled to view properties they were required to appraise for Defendants.

33. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants, and fear retaliation and blackballing in their industry. Prosecuting dozens of identical individual lawsuits statewide does not promote judicial efficiency, equity, or consistency in judicial results.

34. Adequacy: Plaintiffs will fairly and adequately protect the interests of the Proposed California Class, have no conflicts with the Proposed California Class's interests, and have retained counsel experienced in complex wage and hour class and collective action litigation.

35. Commonality: Common questions of law and fact exist as to all members of the Proposed California Class and predominate over any questions solely affecting individual members of the Proposed California Class, including but not limited to:

A. Whether Defendants improperly classified Plaintiffs and members of the Proposed California Class as exempt;

B. Whether Defendants unlawfully failed to fully pay appropriate overtime compensation to members of the Proposed California Class in violation of state wage laws;

C. Whether Plaintiffs and Proposed California Class members who are no longer employed with Defendants are entitled to penalties for failure to timely pay wages upon termination of employment, pursuant to the applicable state laws;

D. Whether Defendants' policies and practices provide and/or authorize meal and rest periods in compliance with applicable state laws;

E. Whether Defendants failed to keep accurate time records for all hours worked by the Plaintiffs and the Proposed California Class in violation of state wage laws;

F. Whether Defendants provided adequate itemized wage statements to the Plaintiffs and the California Class pursuant to applicable state wage laws;

G. Whether Defendants paid Plaintiffs and Proposed California Class members for the full vacation time they earned, based, as promised, on their actual hours worked, including overtime hours;

H. Whether Plaintiffs and the Proposed California Class incurred necessary business expenses in discharging their duties to Defendants, and whether Defendants maintained a policy or procedure of failing to fully reimburse Plaintiffs and the Proposed California Class for these necessary business expenses;

I. The proper measure of damages sustained by the Proposed California Class; and

J. Whether Defendants' actions were "willful."

36. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

37. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed California Class predominate over any questions affecting only individual members of the Proposed California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Proposed California Class members the overtime pay to which they are entitled. The damages suffered by the individual

Proposed California Class members are small compared to the expense and burden of individual prosecution of this litigation. Proposed California Class members fear workplace retaliation and being "blackballed" from obtaining future employment in the appraisal industry. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

38. Plaintiffs intend to send notice to all members of the Proposed California Class to the extent required by Rule 23. The names and addresses of the members of the Proposed California Class are available from Defendants.

## FIRST CLAIM FOR RELIEF

### Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (On Behalf of Plaintiffs and the Collective Class)

39. Plaintiffs, on behalf of themselves and the collective class, allege and incorporate by reference the allegations in the preceding paragraphs.

40. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consent forms are attached hereto as Exhibits A and B. Plaintiffs anticipate that other individuals will continue to sign consent forms and join as plaintiffs.

41. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiffs and the Collective Class. At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.

42. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half

times the regular rate of pay for work performed in excess of forty hours per work week.

43. During their employment with Defendants, within the applicable statute of limitations, Plaintiffs and the other Collective Class members worked in excess of forty hours per workweek. Despite the hours worked by Plaintiffs and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them the appropriate overtime compensation for all the hours worked in excess of forty.

44. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

45. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

46. Plaintiffs, on behalf of themselves and the Collective Class, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

47. Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

**Failure to Pay Overtime Compensation in Violation of California Law**

**(On Behalf of Plaintiffs and the California Class)**

48. Plaintiffs, on behalf of themselves and the California Class, allege and incorporate by reference the allegations in the preceding paragraphs.

49. At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 510 required employers, like Defendants, to pay overtime premiums for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on the seventh day worked in a single workweek. Pursuant to California Labor Code § 1198, it is unlawful to employ persons for hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

50. Plaintiffs are informed and believe, and thereon allege, that members of the Class worked in excess of eight hours per day and in excess of 40 hours per week, and Defendants unlawfully failed to pay members of the Class the proper overtime compensation required in violation of IWC Wage Order 4 (8 C.C.R. § 11040) and California Labor Code §§ 510 and 1198. Pursuant to California Labor Code § 1194, the Plaintiffs and the other Class members are entitled to recover their unpaid overtime compensation.

51. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount to be established at trial, plus damages, interest, attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

**Failure to Provide Accurate Itemized Wage Statements**

**(On Behalf of Plaintiffs and the California Class)**

52. Plaintiffs, on behalf of themselves and the California Class, allege and incorporate by reference the allegations in the preceding paragraphs.

53. California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

54. Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, of hours worked, to Plaintiffs and the California Class in accordance with Labor Code § 226(a). Such failure caused injury to Plaintiffs and the California Class members, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled. Plaintiffs and the California Class are therefore entitled to the damages and penalties provided for under Labor Code § 226(e). Additionally, pursuant to Code of Civil Procedure § 1021.5, *inter alia,* Plaintiffs and the California Class are entitled to attorneys' fees and costs. Pursuant to Labor Code § 226(g), Plaintiffs are also entitled to seek injunctive relief requiring Defendants to comply with Labor Code § 226(a).

**FOURTH CLAIM FOR RELIEF**

**Failure to Reimburse for Business Expenses**

**(On Behalf of Plaintiffs and the California Class)**

55. Plaintiffs, on behalf of themselves and the California Class, allege and incorporate by reference the allegations in the preceding paragraphs.

56. California Labor Code § 2802(a) requires an employer to indemnify its employees "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." California Labor Code § 2802(b) provides that all awards made under California Labor Code § 2802(a) shall "carry interest at the same rate as judgments in civil actions" and that interest "shall accrue from the date on which the employee incurred the necessary expenditure or loss."

57. Defendants failed to fully indemnify Plaintiffs and the California Class for their necessary expenditures related to the cost of supplies necessary to complete their work, including, but not limited to, mileage, peripheral computer equipment, telephone charges, Internet charges, and office supplies. To the extent that Defendants reimbursed employees for some of their necessary business expenses, Defendants' policy and practice was to reimburse employees less than the amount of the expenses the employees actually incurred.

58. Plaintiffs and the Class Members are therefore entitled to full reimbursement for said expenditures and all other relief provided by California law, including but not limited to attorneys' fees and costs, pursuant to Code of Civil Procedure § 1021.5, *inter alia*, and injunctive relief requiring Defendants to pay reimbursement to its employees for such routine business expenses.

**FIFTH CLAIM FOR RELIEF**

**Failure to Provide Rest Breaks and Meal Periods**

**(On Behalf Plaintiffs and the California Class)**

59. Plaintiffs, on behalf of themselves and the California Class, allege and incorporate by reference the allegations in the proceeding paragraphs.

60. California Labor Code § 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

61. Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.
>
> If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

62. Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

63. California Labor Code § 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

64. Defendants failed to provide Plaintiffs and California Class members with meal periods as required by law, and failed to authorize and permit the Plaintiffs and California Class members to take rest periods as required by law.

65. Plaintiffs and the California Class members are therefore entitled to payment of the meal and rest period premiums as provided by law. Additionally, pursuant to Code of Civil Procedure § 1021.5, Plaintiffs and the California Class are entitled to attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF

**Unfair Practice under the Unfair Competition Act**

**(On Behalf Plaintiffs and the California Class)**

66. Plaintiffs, on behalf of themselves and the California Class, allege and incorporate by reference the allegations in the preceding paragraphs.

67. Section 17200 of the California Business and Professions Code – California's Unfair Competition Law – prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Defendants, as alleged, constitutes unlawful business actions and practices in violation of § 17200 *et seq.*

68. Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiffs and the California Class members are entitled to: restitution of the overtime earnings, business expenses, and other unpaid wages and premiums alleged herein that Defendants have improperly withheld and retained during a period that commences four years prior to the filing of this action; a permanent injunction requiring Defendants to pay overtime and meal/rest premiums to all workers as defined herein; in California, an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5, and other applicable law; and costs.

## PRAYER FOR RELIEF

69. WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Collective and California Classes, pray for relief as follows:

A. That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

B. That Defendants are found to have violated the overtime, meal/rest period, itemized wage statement/time records, failure to reimburse, and failure to timely pay wages penalty

provisions of the California wage laws cited above as to the California Class;

C. That Defendants are found to have violated the overtime provisions of the FLSA as to Plaintiffs and the Collective Class;

D. That Defendants are found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiffs and the Collective Class;

E. That Defendants' violations as described above are found to be willful;

F. An award to Plaintiffs and the California and Collective Classes for the amount of unpaid wages owed, liquidated damages and penalties where provided by state and federal law, and interest thereon, subject to proof at trial;

G. That Defendants be ordered and enjoined to pay restitution to Plaintiffs and the California Class due to Defendants' unlawful activities, pursuant to California state law cited above;

H. That Defendants further be enjoined to cease and desist from unlawful activities in violation of state laws cited above;

I. That the Court grant declaratory relief stating that Defendants' scheme is unlawful;

J. For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216, California Labor Code § 1194, and/or other applicable state laws; and

L. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.

DATED: March 29, 2013

**BRYAN SCHWARTZ LAW**

By:

Bryan Schwartz (SBN 209903)
*Attorneys for Plaintiffs*

# CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against JPMorgan Chase as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the state(s) where I worked for JPMorgan Chase. During the past three years, there were occasions when I worked over 40 hours per week for JPMorgan Chase and did not receive overtime compensation.

I worked for JPMorgan Chase as an (please check all that apply):

- ☑ Appraiser
- ☐ Other (Specify Title: Appraiser II )

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Keith Lee 3/20/2013

Signature Date

Kenneth Lee

Print Name

[redacted]

Irvine, CA / Culver City, CA

Location(s) Worked (City/State)

**Fax or Mail To:**

**Bryan Schwartz Law**
**1330 Broadway, Suite 1630**
**Oakland, CA 94612**
**FAX (510) 444-9301**

# CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against JPMorgan Chase as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the state(s) where I worked for JPMorgan Chase. During the past three years, there were occasions when I worked over 40 hours per week for JPMorgan Chase and did not receive overtime compensation.

I worked for JPMorgan Chase as an (please check all that apply):

☐ Appraiser
☒ Other (Specify Title: Senior Comm'l Review Appraiser

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

[signature] 3/26/13
Signature Date

Mark Thompson
Print Name

[redacted]

Irvine, CA
Location(s) Worked (City/State)

**Fax or Mail To:**

**Bryan Schwartz Law**
**1330 Broadway, Suite 1630**
**Oakland, CA 94612**
**FAX (510) 444-9301**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

**SACV13- 511 CJC (JPRx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [X] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

Bryan Schwartz Law
Bryan Schwartz (SBN 209903)
Michael Thomas (SBN 226129)
1330 Broadway, Suite 1630
Oakland, CA 94612
(510) 444-9300

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENNETH J. LEE and MARK G. THOMPSON, individually, on behalf of others similarly situated, and on behalf of the general public<br>PLAINTIFF(S)<br>v.<br>JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; and DOES 1-10, inclusive<br>DEFENDANT(S). | CASE NUMBER<br>SACV13-0511 JST (JPRx)<br><br>**SUMMONS** |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ______________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Bryan Schwartz, whose address is 1330 Broadway, Suite 1630, Oakland, CA 94612. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAR 29 2013

By: JULIE PRADO
Deputy Clerk

*(Seal of the Court)* 1154

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

Bryan Schwartz Law
Bryan Schwartz (SBN 209903)
Michael Thomas (SBN 226129)
1330 Broadway, Suite 1630
Oakland, CA 94612
(510) 444-9300

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENNETH J. LEE and MARK G. THOMPSON, individually, on behalf of others similarly situated, and on behalf of the general public<br>PLAINTIFF(S)<br>v.<br>JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; and DOES 1-10, inclusive<br>DEFENDANT(S). | CASE NUMBER<br>SACV13-0511 JLS (JPRx)<br><br>**SUMMONS** |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ______ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Bryan Schwartz, whose address is 1330 Broadway, Suite 1630, Oakland, CA 94612. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAR 29 2013

By: ______________________
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

KENNETH J. LEE and MARK G. THOMPSON, individually, on behalf of others similarly situated, and on behalf of the general public,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, in their own right and as successors in interest to WASHINGTON MUTUAL BANK, and DOES 1-10, inclusive

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Bryan Schwartz Law
1330 Broadway, Suite 1630
Oakland, CA 94612
(510) 444-9300

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

BY FAX

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding ☐ 2. Removed from State Court ☐ 3. Remanded from Appellate Court ☐ 4. Reinstated or Reopened ☐ 5. Transferred from Another District (Specify) ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No ☒ **MONEY DEMANDED IN COMPLAINT: $** To be established

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. § 201 et seq. - Misclassification of employees as exempt

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/Etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Org.
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Info. Act
- ☐ 896 Arbitration
- ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
- ☐ 153 Recovery of Overpayment of Vet. Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpratice
- ☐ 365 Personal Injury-Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accomodations
- ☐ 445 American with Disabilities-Employment
- ☐ 446 American with Disabilities-Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus/Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405 (g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

FOR OFFICE USE ONLY: Case Number: SACV13-0511

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): ____________________

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): ____________________

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| **County in this District:*** | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County; Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| **County in this District:*** | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| **County in this District:*** | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

***Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** ____________ DATE: March 29, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |