UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH J. LEE, MARK G. THOMPSON, and DAVID C. ACREE, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; and DOES 1 - 10, inclusive,<br><br>Defendants. | Case No. SACV 13-0511 JST (JPRx)<br><br>Assigned to Judge Josephine Staton Tucker<br><br>**[PROPOSED] ORDER GRANTING STIPULATION REGARDING MOTIONS TO COMPEL ARBITRATION AND DISMISSAL OF CLAIMS** |
| JPMORGAN CHASE BANK, N.A.<br><br>Counterclaimant,<br><br>vs.<br><br>KENNETH J. LEE, MARK G. THOMPSON, and DAVID C. ACREE,<br><br>Counter-Defendants. | |

# [PROPOSED] ORDER

The Court, having considered the Stipulation among Plaintiffs and Counter-Defendants Kenneth J. Lee, Mark G. Thompson, and David C. Acree (collectively "Plaintiffs") and Defendant JPMorgan Chase & Co. and Defendant and Counterclaimant JPMorgan Chase Bank, N.A. (collectively "Defendants") regarding Defendants' pending motions to compel arbitration, motion for protective order, and the dismissal of Plaintiffs' claims and JPMorgan Chase Bank, N.A.'s counterclaims ("Stipulation"), and finding good cause appearing in the Stipulation, HEREBY ORDERS AS FOLLOWS:

1. Defendants' pending Motions to Compel Arbitration (Dkt. at 14, 43) are removed from the Court's calendar. Defendants shall, on or before September 20, 2013, file a new Petition to Compel Arbitration On An Individual Basis that presents the following two issues for this Court to decide: a) whether the Court or an arbitrator has the authority to decide if the WaMu Binding Arbitration Agreement signed by Plaintiffs Lee and Thompson allows for more than arbitration on an individual basis only; and b) if the Court has such authority, then whether Plaintiffs Lee and Thompson must re-file their claims in arbitration on an individual basis only or whether they may attempt to maintain their claims in arbitration on a class, collective, or representative action basis. The hearing on such motion shall be noticed and is calendared for October 18, 2013.

2. The parties are ordered to continue to meet and confer regarding the issues raised in Defendants' Motion for Protective Order (Dkt. at 29) and the Court's Minute Order regarding that Motion (Dkt. at 45), and the parties will notify the Court as set forth in the Court's Minute Order whether a ruling on the Motion is necessary.

3. After the Court rules on Defendants' Petition to Compel Arbitration On An Individual Basis, as set forth Paragraph 1 of this Order, and after the Court, if necessary, rules on the merits of Defendants' Motion for Protective Order, the

Court will dismiss with prejudice all of Plaintiffs' claims against Defendants and will dismiss with prejudice Defendant JPMorgan Chase Bank, N.A.'s counterclaims against Plaintiffs as a final disposition of this action, subject to binding arbitration, as set forth in detail in the parties' Stipulation.

4. Nothing in this Order or in the parties' negotiations preceding the filing of their Stipulation shall be construed as a waiver of: a) Plaintiffs' right to assert that their individual claims and the claims of the putative class they seek to represent in binding arbitration are tolled by the filing of their respective Complaints in this action; b) Defendants' position that the Court should decide the issue of whether the WaMu Binding Arbitration Agreement signed by Plaintiffs Lee and Thompson allows for more than arbitration on an individual basis; or c) the parties' rights to seek immediate appeal of any of the rulings resulting from the provisions of this Order.

**IT IS SO ORDERED.**

Dated: August , 2013

The Honorable Josephine S. Tucker
United States District Court Judge