JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH J. LEE, et al., individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE & CO., et al.,<br><br>Defendants. | CASE NO. SACV 13-511 JLS (JPRx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS (Doc. 49) AND DISMISSING ACTION** |
| JPMORGAN CHASE BANK, N.A.,<br><br>Counterclaimant,<br><br>vs.<br><br>KENNETH J. LEE, et al.,<br><br>Counter-Defendants. | |

Before the Court is a Motion to Compel Arbitration on an Individual Basis ("Motion") filed by Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMorgan" or "Defendants"). (Doc. 49.) Plaintiffs Kenneth J. Lee and Mark G. Thompson ("Plaintiffs") filed an opposition, and Defendants replied. (Opp'n, Doc. 53; Reply, Doc. 59.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C. D. Cal. R. 7-15. Accordingly, the hearing set for November 15, 2013, at 2:30 p.m. is VACATED. Having read and considered the parties' papers, the Court DENIES Defendants' Motion.[1]

## I. BACKGROUND

On March 29, 2013, Plaintiffs filed a class action complaint alleging violations of California and federal labor laws and California's unfair competition law arising out of their employment as appraisers for JPMorgan (and/or JPMorgan's predecessor-in-interest Washington Mutual Bank). (Doc. 1.) Plaintiffs bring their claims against the Defendants on class, collective, and representative bases on behalf of various classes of current and former employees. (SAC ¶¶ 18-48, 85-96, Doc. 38.)

As part of their employment, Plaintiffs entered into arbitration agreements ("Arbitration Agreements"). (McGuire Decl. ¶¶ 3-4, Exs. 1 & 2, Doc. 49-2; Schwartz Decl. ¶¶ 5-6, Exs. A & B, Doc. 54.) The Arbitration Agreements provide that: "Any and all disputes that involve or relate in any way to my employment (or termination of employment) with Washington Mutual shall be submitted to and resolved by final and binding arbitration." (McGuire Decl., Exs. 1 & 2, at ¶ 1; Schwartz Decl., Exs. A & B, at ¶ 1.) The Arbitration Agreements do not contain express waivers of class, collective, or representative claims.

---

[1] Defendants request that the Court take judicial notice of *Lee v. Goldline International, Inc.*, No. 11-CV-01495-DSF (C.D. Cal. April 18, 2011), Dkt. 42, Reply In Support of Goldline's Motion to Stay Or Dismiss Proceedings Pending Arbitration. (Doc. 60.) As the Court's decision does not rely on the document, the Court does not rule on the request.

On June 3, 2013, Defendants filed a Motion to Compel Arbitration. (Doc. 14.) On August 14, 2013, the parties filed a joint stipulation regarding issues raised by that motion. (Stip., Doc. 46.) Plaintiffs agree that, pursuant to their arbitration agreements with Defendants, their claims should be resolved in arbitration. (Stip. at 3:11-14.) The parties, however, request that the Court resolve two outstanding issues:

- Should the Court or an arbitrator decide whether the WaMu Binding Arbitration Agreement Plaintiffs Lee and Thompson signed allows for more than arbitration on an individual basis only?
- If the Court has the authority to decide, must Plaintiffs Lee and Thompson re-file their claims in arbitration on an individual basis only, or may they attempt to proceed with arbitration on a class, collective, or representative basis?

(*See* Stip. at 4:5-13.)

On August 16, 2013, the Court issued an Order removing the previous Motion to Compel Arbitration from the calendar and requiring the Defendants to file a new motion addressed to the two outstanding issues. (Doc. 47.) On September 20, 2013, Defendants filed the present Motion.

## II. LEGAL STANDARD

The Ninth Circuit recognizes that, generally, a court's role under the Federal Arbitration Act ("FAA") on a motion to compel is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Nevertheless, "[t]he question whether the parties have submitted a particular dispute to arbitration, *i.e.*, the '*question of arbitrability*,' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide

otherwise.'" *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *AT & T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 649 (1986)). "At the same time the [Supreme] Court has found the phrase 'question of arbitrability' *not* applicable in other kinds of general circumstance where parties would likely expect that an arbitrator would decide the gateway matter. Thus 'procedural' questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide." *Id.* at 84 (quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964)) (internal quotation marks omitted).

## III. DISCUSSION

The preliminary issue is whether this Court or an arbitrator decides if Plaintiffs may arbitrate on a class, collective, or representative basis. The answer turns on whether the issue is one of arbitrability, which, as noted above, is for the court, or one of procedure, which is left to the arbitrator.[2] While challenges to the enforceability of express class action waivers are questions of arbitrability to be determined by a court, *see, e.g.*, *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170, 1175 (9th Cir. 2003), the Supreme Court has not yet decided whether it falls to a court or an arbitrator to *interpret* an arbitration agreement in deciding whether class arbitration is authorized. *See Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2068 n.2 (2013) ("[T]his Court has not yet decided whether the availability of class arbitration is a question of arbitrability.").[3]

---

[2] Defendants claim that the Arbitration Agreements explicitly authorize this Court to decide whether class arbitration is available, (Mot. at 10:15-18), but the provision Defendants cite states no more than that the Arbitration Agreements "may be enforced by a court of competent jurisdiction through the filing of a motion to compel arbitration, or otherwise." (McGuire Decl., Exs. 1 & 2, at ¶ 16; Schwartz Decl., Exs. A & B, at ¶ 16.)

[3] Plaintiffs rely on *Veliz v. Cintas Corp.*, 273 Fed. App'x 608 (9th Cir. 2008), in which the court held that, "the arbitrator [wa]s not bound to follow the district court's view whether the plaintiffs have the ability to proceed on a class or collective basis." *Id.* at 609. *Veliz*'s holding has limited applicability here, however, because the court did not explain its reasoning on that point, and could have reached that holding even after determining that the availability of class arbitration is a question of arbitrability. Even questions of arbitrability may be determined by an arbitrator if expressly assigned to the arbitrator by the arbitration agreement. *See, e.g.*, *Momot v. Mastro*, 652

(footnote continued)

Nevertheless, this Court finds useful guidance in the plurality opinion in *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003).[4] In *Bazzle*, a plurality of the Court agreed that the determination of whether certain arbitration agreements authorized class arbitration properly lay in the first instance with an arbitrator, not a court. *See* 539 U.S. at 451-53. The question, the Court reasoned, did not fall into those "limited circumstances" in which parties expect a court, rather than an arbitrator, to make the determination:

> The question here—whether the contracts forbid class arbitration—does not fall into this narrow exception. It concerns neither the validity of the arbitration clause nor its applicability to the underlying dispute between the parties. . . . Rather the relevant question here is what *kind of arbitration proceeding* the parties agreed to. That question does not concern a state statute or judicial procedures, . . . . It concerns contract interpretation and arbitration procedures. Arbitrators are well situated to answer that question.

*Id.* at 452-53 (internal citations omitted).

Defendants argue that in the wake of the Supreme Court's decision in *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, 559 U.S. 662 (2010), *Bazzle* is no longer persuasive, and allowing an arbitrator to decide when an arbitration agreement authorizes class arbitration would "contradict *Stolt-Nielsen.*" (Mot. at 8:18-9:7, 6:4-10.) Neither contention has merit, as *Stolt-Nielsen* concerns only *how to decide* whether an arbitration agreement authorizes class arbitration, not *who decides*.

*Stolt-Nielsen* held that "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to

---

F.3d 982, 988 (9th Cir. 2011) ("[T]he parties' agreement clearly and unmistakably indicates their intent for the arbitrators to decide the threshold question of arbitrability.").

[4] Though Defendants are correct that a plurality opinion "is not binding" (Reply at 7:2), *Bazzle* is nevertheless instructive. *See Thalheimer v. City of San Diego*, 645 F.3d 1109, 1127 n.5 (9th Cir. 2011) ("[W]e follow the [Supreme Court] plurality opinion as persuasive authority, though 'not a binding precedent.'" (quoting *Texas v. Brown*, 460 U.S. 730, 737 (1983))).

do so." 559 U.S. at 684. The Court had no occasion, however, to rule on whether the availability of class arbitration is a question for the court or an arbitrator to decide because the parties had "expressly assigned this issue to the arbitration panel, and no party argue[d] that this assignment was impermissible." *Id.* at 680. The Court noted only that, in *Bazzle*, "the plurality decided" that the availability of class arbitration is for an arbitrator to decide. *Id*. *Stolt-Nielsen*, therefore, does not dampen *Bazzle*'s persuasive authority. *Stolt-Nielsen* simply commands fidelity to contractual terms in arbitration agreements by *both* courts and arbitrators, without distinguishing their respective roles. *See id.* at 684 ("It falls to courts *and arbitrators* to give effect to these contractual limitations, and when doing so, courts and arbitrators must not lose sight of the purpose of the exercise: to give effect to the intent of the parties." (emphasis added)). Therefore, it does not contradict *Stolt-Nielsen* to assign the question of the availability of class arbitration to an arbitrator. Similarly, the Supreme Court in *AT&T Mobility LLC v. Concepcion* affirmed that class arbitration must be "consensual," but did not hold that it would be inappropriate to leave to an arbitrator the question of whether an arbitration agreement included consent to class arbitration. 131 S. Ct. 1740, 1750-51 (2011).

This Court finds *Bazzle* persuasive, a conclusion supported by decisions from the Third Circuit subsequent to *Stolt-Nielsen*. In *Vilches v. The Travelers Companies, Inc*., the Third Circuit considered a dispute over whether a class action waiver contained in an amendment to an arbitration agreement was effective. 413 Fed. App'x 487, 491-92 (3d Cir. 2011). No party disputed that the original arbitration agreement required "all employment disputes" to be arbitrated. *Id.* at 490. Under those circumstances, the court, relying on *Bazzle*, concluded that whether class action procedures were available was a question for the arbitrator: "Assuming binding arbitration of all employment disputes, the contested waiver provision solely affects the *type of procedural arbitration mechanism* applicable to this dispute." *Id*. at 491-92. *See also Quilloin v. Tenet HealthSystem Philadelphia, Inc*., 673 F.3d 221, 232 (3d Cir. 2012) ("[T]he actual determination as to

whether class action is prohibited is a question of interpretation and procedure for the arbitrator."); *Hesse v. Sprint Spectrum L.P.*, No. C06-0592JLR, 2012 WL 529419, at *4 (W.D. Wash. Feb. 17, 2012) (holding that whether earlier version of arbitration clause or later version containing a class action waiver was applicable, "[a]s in *Vilches*, . . . goes to the procedural mechanisms available at arbitration, and thus is a procedural issue that should be left for the arbitrator to decide").

In a recent decision, the Sixth Circuit diverged from the reasoning of the Third Circuit, holding that the question of whether class arbitration is permitted is a question of arbitrability for the court. *See Reed Elsevier, Inc. v. Crockett*, No. 12-3574, 2013 WL 5911219, at *4 (6th Cir. Nov. 5, 2013). The Sixth Circuit found *Bazzle* unpersuasive, reasoning that because the Supreme Court had concluded that various features of class actions made them poorly suited for arbitration, the availability of class procedures must be a question of arbitrability for the court. *See id.* at *4 (citing *Stoel-Nielsen*, 559 U.S. 662 and *Concepcion*, 131 S. Ct 1740). However, this Court concludes, as did the Third Circuit, that the Supreme Court identified these features only to explain why the standard for determining when parties have consented to class arbitration is stringent. *See Vilches*, 413 Fed. App'x at 492 n.3 ("Although contractual silence in the post-*Bazzle* era has often been treated by arbitrators as authorizing class arbitration, *Stolt–Nielsen* suggests a return to the pre-*Bazzle* line of reasoning on contractual silence, albeit decided by an arbitrator, because it focuses on what the parties agreed to—expressly or by implication."). *See also Guida v. Home Sav. of Am., Inc.*, 793 F. Supp. 2d 611, 619 (E.D.N.Y. 2011) ("It is apparent that the Supreme Court simply intended to say that arbitration on a class basis is not a preferred method to proceed and should not be inferred lightly from a contract.").

Here, as in *Vilches*, neither Plaintiffs nor Defendants contest that Plaintiffs' claims are subject to arbitration. The Arbitration Agreements cover "all claims that involve or relate in any way to [Plaintiffs'] employment." (McGuire Decl., Exs. 1 & 2, at ¶ 1; Schwartz Decl., Exs. A & B, at ¶ 1.) The only question, as in *Bazzle*, is the interpretive

one of whether or not the agreements authorize Plaintiffs to pursue their claims on a class, collective, or representative basis. That question concerns the procedural arbitration mechanisms available to Plaintiffs, and does not fall into the limited scope of this Court's responsibilities in deciding a motion to compel arbitration.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion to Compel Arbitration on an Individual Basis. Pursuant to the parties' Stipulation Regarding Motions to Compel Arbitration and Dismissal of Claims, (Doc. 46), this action is dismissed in its entirety with prejudice, and is subject to binding arbitration.

DATED: November 14, 2013

JOSEPHINE L. STATON

JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE