David Borgen (SBN 099354)
dborgen@gbdhlegal.com
Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel: (510) 763-9800
Fax: (510) 835-1417

Bryan J. Schwartz (SBN 209903)
bryan@bryanschwartzlaw.com
William C. Jhaveri-Weeks (SBN 289984)
bill@bryanschwartzlaw.com
BRYAN SCHWARTZ LAW
1330 Broadway, Suite 1630
Oakland, CA  94612
Tel: (510) 444-9300
Fax: (510) 444-9301

*Attorneys for Individual and Representative Plaintiffs and the Putative Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH J. LEE, MARK G. THOMPSON, and DAVID C. ACREE individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>　　　Plaintiffs,<br>vs.<br><br>JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; and DOES 1-10, inclusive,<br><br>　　　Defendants. | Case No.:  13-cv-00511 (JLS) (JPRx)<br><br>**DECLARATION OF LAURA L. HO IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

I, Laura L. Ho, declare as follows:

1. I am a member in good standing of the Bar of the State of California and a partner at the law firm of Goldstein, Borgen, Dardarian & Ho ("GBDH"), in Oakland, California. I am counsel for Plaintiffs ("Plaintiffs") and the proposed settlement class in this action along with co-counsel Bryan Schwartz Law. I have personal knowledge of the facts set forth in this declaration.

## I. INTRODUCTION

2. I am providing this declaration of counsel in support of the Motion for Preliminary Approval of Class Action Settlement between Plaintiffs and Defendant.

3. A copy of my resume is appended as Exhibit 1. I have practiced law since 1994, with an emphasis in employment litigation. I have been with GBDH since October 1998 and became a partner in January 2005. From October 1998 until December 2004, I was an associate at GBDH. During my time at GBDH, I have been responsible for all facets of class action employment and other complex litigation, from pre-filing investigation through trial and appeal. Since approximately October 1998, I have spent most of my time representing workers in wage and hour matters, both individually and in class and collective actions. On May 16, 2014, I was appointed class counsel for over 100,000 class members in *Lopes v. Kohl's*, Alameda County Superior Court, Case No. RG08380189, a case involving claims under the California Labor Code. The class and collective actions I have litigated throughout the past sixteen years have led to favorable statewide class action and nationwide collective action settlements that have recouped millions of dollars in unpaid wages, including *Macey v. Wells Fargo*, JCCP 4654 (San Francisco Superior Court) ($3 million class settlement approved in 2014); *Morazan v. Aramark Uniform & Career Apparel Group*, No. 13-CV-00936 (YGR) (N.D. Cal.) ($2,750,000 class settlement approved in 2013); *Garcia v. Oracle*, JCCP No. 004597 (Alameda County Superior Court) ($35 million class settlement approved in 2012); *Galu v. Genentech*, No. 505266 (San Mateo Superior Court) (lead counsel in $2.1 million settlement for 111 Foundation Specialists); *Myart v.

*Autozone*, No. 05CC03219 (Orange County Superior Court) (final approval in September 2011 of $9 million settlement on behalf of hourly workers statewide); *Contreras v. Bank of America*, No. CGC-07-467749 (San Francisco County Superior Court) (co-lead counsel in $16.65 million settlement for 3,000 mortgage loan officers in California approved in 2010); *Meyn v. Peet's Coffee & Tea, Inc.*, No. RG08398070 (Alameda County Superior Court) (final approval in 2010 of $2.6 million settlement for over 400 store managers); *Mousai v. E-Loan, Inc.*, No. 06-01993 SI (N.D. Cal.) ($13.6 million settlement in overtime class action for mortgage salespeople approved in May 2007); *Lin v. Siebel Systems, Inc.*, No. CIV 435601 (San Mateo County Superior Court) (final approval in 2007 for $27.5 million class action settlement in overtime case for certified class of over 800 software engineers); *Butler v. Countrywide*, No. BC 268250 (Los Angeles County Superior Court) ($30 million class settlement for over 450 misclassified account executives approved in 2005); *Tokar v. GEICO*, No. GIC 810166 (San Diego County Superior Court) (class of over 3,000 telephone center workers seeking overtime pay; final approval of $3.3 million settlement granted on July 9, 2004).

4.   In addition to the numerous cases for which GBDH serves as class counsel, the firm regularly submits amicus briefs to appellate courts addressing developing areas of wage and hour law. Such submissions to which I have contributed include briefs to the California Supreme Court in *Sav-On v. Superior Court*, 34 Cal. 4th 319 (2004), addressing class certification of an overtime "misclassification" case, in *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575 (2000), involving definition of "hours worked" under California Labor Code, and in *Earley v. Superior Court*, 79 Cal. App. 4th 1420 (2000), addressing California's one-wage fee shifting statute for overtime wage claims. A copy of a summary of GBDH's experience is attached hereto as Exh. 2.

5.   Given my experience as a class action employment and wage and hour litigator, I believe the proposed Settlement addresses all of the allegations of violations of the FLSA, Labor Code, PAGA, and UCL and provides substantial monetary relief to

Plaintiffs and the Class Members. Indeed, given the various obstacles in the case, as set forth in more detail in the Declaration of Bryan Schwartz, this settlement is an exceptional result, both in terms of the monetary relief for class members, the reclassification of the Appraiser I position, and the timing - approximately a year-and-a-half after suit was filed, which, if approved, will put real money into the hands of Settlement Class Members much more quickly than any litigated judgment.

6. Participating Class Members will enjoy substantial monetary relief for the claims asserted in this action. The average payout should be a minimum of approximately $9509.49. In my experience, payouts of this size often result in a significant claims rate. Moreover, if fewer than all class members participate, the payments to the participating Class Members will increase proportionally.

7. I have assessed the risks and inherent delays that would be faced if the litigation continued. It is my professional opinion, based on my experience, that those risks and delays are potentially substantial; and in light of those risks and delays the settlement is fair, reasonable, and adequate.

8. At the final approval hearing, Plaintiff will request that the Court approve a payment of no more than 33.33% of the Maximum Settlement Amount for Plaintiffs' Counsel's attorneys' fees in this case; and a fully supported fees and costs motion will be filed prior to the objection/opt out deadline. This amount is reasonable considering Plaintiffs' Counsel's extensive experience in wage and hour class actions, the legal expertise required to negotiate this favorable settlement, the work done in the case by counsel, the manner in which counsel effectuated this result to ensure prompt payment to the class, and the risk undertaken by Plaintiff's Counsel, including the risk of advancing out-of-pocket costs in a contingency case and the risk of non-payment of fees if the case were not won.

9. The requested fee award will be for compensation of all work performed to date and all future work on the case, including, but not be limited to, preparing for, participating in the preliminary approval hearing; preparing motions, briefs, and

declarations for the final approval hearing; monitoring the claims process; responding to class member inquiries; appearing at the final approval hearing; and monitoring the claims procedures and distribution of the settlement funds. Currently, GBDH's lodestar is estimated at $225,000, and additional lodestar will be accrued for future work.

10. Plaintiff will also ask the Court to approve payment of up to $25,000 in actual costs. Plaintiff will provide the Court with supporting records regarding Counsel's costs request when she files her motion for approval of fees and costs prior to the opt-out/objection deadline. GBDH's actual out of pocket expenses are about $10,000 right now, with additional expenses expected through final approval and the distribution process.

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct, and that this Declaration was executed this 9th day of October, 2014, in Oakland, California.

_____
Laura L. Ho

# EXHIBIT 1

**LAURA L. HO**
**GOLDSTEIN, BORGEN, DARDARIAN & HO**
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
(510) 763-9800
(510) 835-1417 (fax)
lho@gbdhlegal.com
www.gbdhlegal.com

**LEGAL EXPERIENCE**
**Goldstein, Borgen, Dardarian & Ho**, Oakland, CA, Partner, January 2005 – present; Associate, October 1998 – December 2004.  Plaintiffs' federal and state court employment class action litigation.  2009 California Lawyer of the Year Award Winner for employment law.  2006, 2010-2014 Super Lawyer.  Top Attorney In Northern California, San Francisco Magazine August 2011.  Best Lawyer's 2014 Lawyer of the Year for Oakland in Litigation-Labor and Employment.

**The Honorable John C. Coughenour,** Chief Judge of the Federal District Court of the Western District of Washington, Seattle, WA; Judicial Law Clerk, September 1997 – September 1998.

**ACLU Foundation National Immigrants' Rights Project,** San Francisco, CA; Staff Counsel, November 1996 to September 1997.  Federal court litigation on behalf of immigrants.

**Asian Law Caucus, Inc.,** San Francisco, CA; Attorney (NAPIL Equal Justice Fellow), September 1994 to October 1996; Legal Intern, June to August 1993.  Conducted wide-ranging advocacy on behalf of low-wage immigrant workers, including litigation and policy work; established workers' rights clinic for Asian immigrant workers; supervised law students.

**Lowenstein International Human Rights Clinic,** New Haven, CT; Student lawyer for plaintiffs in class action challenge to indefinite detention of HIV+ Haitian refugees in Guantanamo Bay, Cuba and to interdiction and summary return of Haitian refugees, March 1992 to January 1994; Student Director, January to May 1994.

**EDUCATION**
**Yale Law School**, New Haven, CT; J.D., June 1994
**Honors:**  Connecticut Bar Fellowship, 1993-94; Raphael Lemkin Human Rights Fellowship, 1992-93; Stephen J. Massey Prize, 1992-93
**Activities:**  Lowenstein International Human Rights Project, Director, 1992-93; Pacific Islander, Asian and Native American Law Student Association, Executive Board Member and Coordinator for Minority Recruitment, 1992-93; Yale Journal of International Law, Editor, 1991-92.

**University of Washington**, Seattle, WA; B.A. in History, B.A. in International Studies, June 1991
**Honors:**  *Cum Laude*, yearly High Scholarship all four years.

472902.3                                                                1

**BAR ADMISSION**
1994; California, U.S. District Court, Northern District of California and U.S. Court of Appeals, Ninth Circuit; 1995, U.S. District Court, Central District of California; 1997, U.S. Court of Appeals, 10th Circuit

**LANGUAGE**
Mandarin Chinese

**PROFESSIONAL AFFILIATIONS**
Asian Law Caucus, Board Member, 2005 – present
San Francisco Bar Association, Labor and Employment Committee, Executive Member 2006-2008
NELA and ABA member

**LITIGATION EXPERIENCE**
(partial listing)

Moreno v. Anaheim, Case No. 30-2012-00579998-CU-CR-CXCA (Superior Court, Orange County) (California Voting Rights Act case brought on behalf of Latino voters settled in January 2014)

Rios v. ABC Unified School District, BC505510 (Superior Court, Los Angeles County) (California Voting Rights Act case brought on behalf of Latino voters settled in November 2013)

Vasquez v. USM, Inc., C13-05449 WHA (N.D. Cal.) (putative California class action on behalf of janitors alleging that USM and Ross Dress for Less underfunded janitorial contracts in violation of California Labor Code § 2810)

Bennett v. SimplexGrinnell, 11-CV-01854-JST (N.D. Cal.) (putative California class action on behalf of employees who perform testing and inspection of fire and sprinkler systems for prevailing wages)

Macey v. Wells Fargo, JCCP 4654 (Superior Court, San Francisco County) (final approval of $3 million class settlement granted in March 2014)

Morazan v. Aramark, No. 13-CV-00936-YGR (N.D. Cal.) (final approval of $2.75 million class settlement granted in November 2013)

Vemulapati v. Siebel Systems Inc., No. RG 13662755 (Superior Court, Alameda County final approval of class action settlement granted in September 2013)

Zamora v. Countrywide, BC 360026 (Superior Court, Los Angeles County) (class settlement for over 10,000 hourly employees for meal and rest and other claims given final approval in March 2013)

Garcia v. Oracle, RG 07321026 (Superior Court, Alameda County) (certified class action regarding misclassification and related claims for 1,700 computer and technical employees; final approval of $35 million class settlement granted in March 2012)

Galu v. Genentech, Inc., No. CIV505266 (Superior Court, San Mateo County) (lead counsel for $2.1 million settlement for approximately 100 people; final approval granted in 2012)

Myart v. Autozone, Case No. 05CC03219 (Superior Court, Orange County) (Class counsel in certified class action for over 30,000 hourly workers for off the clock claims; final approval granted in November 2011)

472902.3                                           2

Contreras v. Bank of America, Case No. CGC-07-467749 (Superior Court, San Francisco County) ($16.65 million class settlement for California mortgage loan officers finally approved in 2010)

Meyn v. Peet's, No. RG08398070 (Superior Court, Alameda County) ($2.6 million class settlement for California Store Managers finally approved in 2010)

Mousai v. E-Loan, Inc., No. 06-01993 SI (N.D. Cal.) ($13.6 million settlement in overtime class action for mortgage salespeople approved in May 2007)

Lin v. Siebel Systems, Inc., No. CIV 435601 (Superior Court, San Mateo County) ($27.5 million class action settlement in overtime case for certified class of over 800 software engineers approved in 2007)

Butler v. Countrywide, No. BC 268250 (Superior Court, Los Angeles County) ($30 million class settlement for certified class of over 450 misclassified account executives approved in 2005)

Sims v. Downey Savings and Loan Assoc., No. C 05-01293 (Superior Court, Contra Costa County) ($900,000 class action settlement in 2007 for 111 underwriters for claims of unpaid overtime and annual bonus)

Chinese Progressive Association v. Anna Wong, et al., Case No. A11568 (California Court of Appeal, First Appellate District) (counsel for appellant in appeal of fee award against non-profit community organization for bringing UCL claims on behalf of garment workers who were denied any payment of wages for hours worked)

Tokar v. GEICO, No. GIC 810166 (Superior Court, San Diego County) (class of over 3,000 telephone center workers seeking overtime pay; final approval of $3.3 million settlement granted 2004)

Bullock v. Automobile Club of Southern California, No. SACV01-731GLT (C.D. Cal.) (FLSA collective action certified for over 500 opt-in Sales Agent plaintiffs; $19 million settlement approved in 2004)

Cruz, et al. v. Estados Unidos Mexicanos, et al., No. C01-00892 CRB (N.D. Cal.) (counsel for settlement class of WWII era braceros for return of "savings fund" wages)

D'Imperio v. Nation's Foodservice, Inc., No. C-00309 PJH (N.D. Cal.) (overtime class action for 90 restaurant managers; final approval granted in 2001 to $950,000 settlement)

Davis v. The Money Store, No. 99A501716 (Superior Court, Sacramento) ($6 million class settlement approved December 2000)

Otero v. Rent-A-Center, No. BC 217038 (Superior Court, Los Angeles) ($3 million class settlement approved in 2000)

Gentry v. Superior Court (Circuit City Stores), No. S141502 (Cal. 2007) (counsel for amici curiae in overtime case involving class action waiver in arbitration agreement)

Sav-on Drug Stores, Inc. v. Superior Court, 34 Cal. 4th 319 (2004) (counsel for amici curiae in case involving class certification standards in California)

Morillion v. Royal Packing Co., 22 Cal. 4th 575 (2000) (counsel for amici curiae in case involving definition of "hours worked" under California Labor Code)

Earley v. Superior Court, 79 Cal. App. 4th 1420 (2000) (counsel for amici curiae in case involving California's one-wage fee shifting statute for overtime wage claims)

Cuadra v Millan, 17 Cal. 4th 855 (1998) (writ proceeding successfully challenging DLSE's practice of calculating back wages from date of hearing rather than date of filing of claim)

Bureerong v. Uvawas, 922 F. Supp. 1450 (C.D. Cal. 1996) (group action for wages and other damages for Thai sweatshop workers held in virtual "slave" sweatshop)

Sale v. HCC, 509 U.S. 155 (1993) (challenge to U.S. policy of interdicting on the high seas Haitians fleeing from Haiti and returning them to Haiti without determining whether those returned are refugees as defined under international law)

HCC v. Sale, 823 F. Supp. 1028 (E.D.N.Y. 1993) (successfully challenging U.S. policy of indefinite detention of Haitian refugees who tested positive for HIV)

**CONFERENCE PRESENTATIONS AND PUBLICATIONS (partial listing)**

National Employment Lawyers Association, 2014 Annual Convention, "Keeping the Heat on Employers in FLSA Cases," Boston, MA (June 26, 2014)

7th Annual ABA Section of Labor and Employment Law Conference, "Negotiating an FLSA Settlement Agreement: Legal and Practical Considerations," New Orleans, LA (Nov. 2013)

The Impact Fund Class Action Institute, Faculty Member, San Francisco, CA (Sept. 2013)

State Bar of California, Third Annual Advanced Wage and Hour Conference, "Recent Developments Update, Including the Most Recent Cases from the United States and the California Supreme Court," San Francisco, CA (July 31, 2013)

California Employment Lawyers Association, Ninth Annual Advanced Wage and Hour Seminar, "Preparing and Taking Your Class Action to Trial – Part 2," Glendale, CA (April 5, 2013)

National Employment Lawyers Association, "Preventing Wage Theft: A Two-Day Guide to Litigating Cases Involving Wages, Hours & Work," Chicago, IL (Mar. 8-9, 2013)

National Lawyers Guild, Staying True to Your Roots, San Francisco, CA (Jan. 18, 2013)

ALI-CLE, Current Developments in Employment Law, "Hot Topics in Federal and State Wage and Hour Litigation" and "Class Actions After Dukes," Santa Fe, NM (Jul. 16-18, 2012)

California Employment Lawyers' Association Diversity Summit, "Skills to Shape Diverse Leadership for the Employment Bar," San Francisco, CA (May 31, 2012)

ALI-CLE, "Three Key Topics in Employment Law:  FLSA, Dukes, & NLRA," online course, (Jan. 31, 2012)

American Bar Association, "The Changing Landscape of Wage and Hour Law," online course, (Nov. 16, 2011)

5th Annual ABA Section of Labor and Employment Law Conference, "Effective Mediation in Wage and Hour Law," Seattle, WA (November 3, 2011)

National Employment Lawyers Association, "Securing Wages, Protecting Hours:  Representing Workers in Individual & Collective Actions Under the FLSA," Washington, D.C. (October 22, 2011)

Bridgeport Continuing Education, Wage and Hour Litigation Conference, "The Emerging Use of PAGA, 17200 and other Issues Specific to California Wage & Hour Case," San Francisco, CA (October 13, 2011)

ALI-ABA, Current Developments in Employment Law:  The Obama Years at Mid-Term, "Hot Topics in Federal and State Wage and Hour Litigation," Santa Fe, NM (July 28, 2011)

The Impact Fund Class Action Institute, Faculty Member, San Francisco, CA (May 25-27, 2011)

Pacific Coast Labor & Employment Law Conference, "Litigating and Resolving Wage and Hour Class Actions," Seattle, WA (May 5, 2011)

American Bar Association, Labor and Employment Section Annual Meeting, "The Real Double-Edge Sword:  Everything You Wanted to Know About Wage and Hour Hybrids," Chicago, IL (November 6, 2010)

Bridgeport Continuing Education, Wage and Hour Litigation Conference, "A Discussion of Class Action Certification," San Francisco, CA (October 7, 2010)

American Conference Institute, 10th National Forum on Wage and Hour Claims and Class Actions, "View from the Plaintiff's Bar:  Adapting Your Litigation Strategies in Light of New and Innovative Claims," San Francisco, CA (September 14, 2010)

## **PUBLICATIONS**
(partial)
Contributing Editor, <u>The Fair Labor Standards Act</u>, 2001 Cumulative Supplement, Bureau of National Affairs, Inc.

Chapter and Senior Editor, <u>Wage and Hour Laws, A State-by-State Survey</u>, Main Volume and 2005, 2008 Supplements, ABA Section of Labor and Employment Law

**Articles:**
*Collective Action Basics*, 10 Emp. Rts. and Emp. Pol'y J. 427 (2006)

*Litigation of Wage and Hour Collective Actions Under the Fair Labor Standards Act*, 7 Emp. Rts. and Emp. Pol'y J. 129 (2003) (with David Borgen)

*(Dis)assembling Rights of Women Workers on the Global Assemblyline: Human Rights and Garment Industry*, 31 Harv. C.R.-C.L. L. Rev. 383 (1996) (with Cathy Powell and Leti Volpp).

*Worker Protection Compromised: The Fair Standards Act Meets the Bankruptcy Code, 2* Asian Pac. Am. L.J. 38 (1994) (with Lora Jo Foo and Thomas M. Kim).

*Litigating as Law Students: An Inside Look at Haitian Centers Council*, 103 Yale L.J. 2337 (1994) (with Victoria Clawson and Elizabeth Detweiler).

# EXHIBIT 2

**GOLDSTEIN, BORGEN, DARDARIAN & HO**
300 Lakeside Drive, Suite 1000 ♦ Oakland, CA  94612
(510) 763-9800 ♦ (510) 835-1417 (fax)
www.gbdhlegal.com

Goldstein, Borgen, Dardarian & Ho ("GBDH") specializes in complex and class action litigation on the plaintiff side, including wage and hour, employment discrimination, disability access, environmental, voting rights, and other public interest litigation.  GBDH, founded in 1972, is one of the most successful private plaintiffs' public interest firms in the country.  The firm has a national practice and regularly litigates class action lawsuits in California, and has also litigated class actions in Arizona, Florida, Georgia, Missouri, Michigan, Minnesota, Maryland, New York, Tennessee, and Texas.

GBDH is one of the leading plaintiffs' firms litigating wage and hour class and collective actions in California and nationally.  The firm has successfully litigated cases on behalf of workers improperly denied overtime and other compensation in numerous wage and hour class and collective actions, including *Garcia v. Oracle* ($35 million settlement), *Rosenberg v. IBM* ($65 million settlement), *Butler v. Countrywide* ($30 million settlement), *Lin v. Siebel* ($27.5 million settlement), *Bullock v. Automobile Club* ($19.5 million in settlement), *Contreras v. Bank of America* ($16.65 million settlement), and *Mousai v. E-Loan* ($13.6 million settlement).  The firm has also played a part in strengthening the wage and hour laws for workers by submitting friends of the court briefs in several California Supreme Court cases and advocating for workers before the state administrative body that formulates the orders governing wages, hours and working conditions.  The firm's comments to the U.S. Department of Labor (DOL) opposing the proposed March 31, 2003 "white collar" overtime exemption regulations resulted in significant improvements in the final regulations as noted by the DOL in the *Federal Reporter* on April 23, 2004.

In the largest monetary recovery ever recovered in a gender discrimination case brought under Title VII of the Civil Rights Act of 1964, GBDH obtained $250 million for a class of women who were denied or deterred from positions as State Farm insurance sales agents (*Kraszewski v. State Farm General Ins., Co.*).  As part of the settlement agreement in *Kraszewski*, which followed a successful trial, State Farm was required to fill 50 percent of its California sales position vacancies with women and to hire three female recruiters to find qualified women applicants.  GBDH also obtained the largest monetary recovery in a Title VII race discrimination case (*Haynes v. Shoney's, Inc.*) in which $132.5 million and broad injunctive relief was obtained on behalf of a class of African American employees and applicants.  GBDH also negotiated an $87.5 million settlement on behalf of women employees and applicants for sales positions at Home Depot stores in its Western Division (*Butler, et al. v. Home Depot, Inc.*).  The settlement established new job selection procedures that created thousands of job opportunities in sales and management positions for women.  GBDH also recovered $80 million in a sex discrimination class action against Lucky Stores, Inc. (*Stender v. Lucky Stores, Inc.*).  The settlement followed a three-month trial and two appeals to the Ninth Circuit Court of Appeals.  Subsequently, the firm obtained similar relief in gender discrimination class action against Publix Super Markets, Florida's largest private employer (*Shores v. Publix Super Markets, Inc.*).  The Publix settlement included significantly increased job opportunities for women and $81.5 million in monetary relief.

515519.1

GBDH also successfully resolved a race discrimination class action against Southern California Edison that challenged compensation and promotion inequities of African American employees (*Rice v. Southern California Edison*). The settlement resulted in extensive injunctive relief and a settlement fund of $18.25 million. GBDH also co-counseled and negotiated a class action settlement in a gender discrimination case against MetLife (*Mitchell v. Metropolitan Life Ins. Co., dba MetLife*). The settlement provides for a payment of $13.4 million and extensive nationwide injunctive relief affecting sales agents and sales managers. Most recently, the firm successfully tried a race discrimination class action against Lufkin Industries, Inc. (*McClain v, Lufkin Industries, Inc.*) in the Eastern District of Texas and successfully defended the trial court judgment against two appeals to the Fifth Circuit Court of Appeals.

GBDH also litigated the largest public accommodations case to date under Title II of the 1964 Civil Rights Act (*Ridgeway v. Denny's*). This class action brought on behalf of African American customers of Denny's Restaurants in California resulted in a $34.8 million settlement and established a monitoring system, training and other injunctive relief measures to assure that African American customers of Denny's nationwide receive non-discriminatory service in the future.

GBDH also has successfully litigated Clean Water Act cases challenging excessive discharges of selenium into San Francisco Bay by Unocal, Tosco and Exxon Oil Companies, and a case brought against Dow Chemical Co., under California's Proposition 65 (prohibiting the discharge of carcinogens and other toxics into drinking water sources) resulting in injunctive relief, civil penalties and attorneys' fees in a combined total of more than $12 million.

GBDH also has an active docket of disability access cases. The firm has been instrumental in negotiating landmark agreements on behalf of persons with vision impairments resulting in the installation of "talking ATMs" at thousands of Bank of America, Wells Fargo, Bank One, Wachovia, 7-11 and Citibank locations across the country and ensuring that persons with vision impairments receive banking materials in alternative formats, such as Braille and large print. The firm has also successfully litigated other cases involving access to public accommodations of behalf of persons with disabilities, including a class action against Macy's Department stores brought on behalf of persons with mobility disabilities.

GBDH has long been recognized as one of the top plaintiffs' firms in the country. In 2011 and 2012, the Recorder recognized the firm as one of the top ten "Leading Employment Practices" for plaintiffs in the Bay Area. The firms' partners are regularly recognized as "Superlawyers." As early as July 1992, *The National Law Journal* ("A National Who's Who of the Top Lawyers in Employment Litigation") stated that GBDH was, "In a league of their own on the plaintiffs' side, handling the largest class actions nationwide." A 1995 *Business Week* article called GBDH "the swat team of bias litigation," noting that in the prior three years, the firm "ha[d] collected more than $600 million in damages and legal fees from companies its clients have sued for discrimination." In March 2004, *The Recorder*, San Francisco's daily legal newspaper, listed all of the firm's partners as among the "top attorneys" in employment law in the San Francisco Bay Area.