Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel: (510) 763-9800; Fax: (510) 835-1417

Bryan J. Schwartz (SBN 209903)
bryan@bryanschwartzlaw.com
BRYAN SCHWARTZ LAW
1330 Broadway, Suite 1630
Oakland, CA  94612
Tel: (510) 444-9300; Fax: (510) 444-9301

*Attorneys for Individual and Representative
Plaintiffs and the Settlement Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH J. LEE, MARK G. THOMPSON, and DAVID C. ACREE individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>        Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.:  13-cv-00511 (JLS) (JPRx)<br><br>**DECLARATION OF LAURA L. HO IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:      April 17, 2015<br>Time:      2:30 p.m.<br>Crtrm:    10A<br>Judge:    Hon. Josephine L. Staton |

DECL. OF LAURA L. HO ISO PLAINTIFFS' UNOPPOSED MOT. FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 13-cv-00511 (JLS)(JPRx)

566095.5

I, Laura L. Ho, declare as follows:

1.     I am a member in good standing of the Bar of the State of California and a partner at the law firm of Goldstein Borgen Dardarian & Ho ("GBDH"), in Oakland, California.  My firm, along with Bryan Schwartz Law, is counsel for Plaintiffs Kenneth J. Lee, Mark G. Thompson, and David C. Acree ("Plaintiffs") and I along with Bryan Schwartz am Class Counsel for the Settlement Class in this action.  I have personal knowledge of the facts set forth in this declaration.

2.     I am providing this declaration of counsel in support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement.  I submitted declarations in this case previously, on October 10, 2014, in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") (ECF No. 69) and on February 2, 2015 in support of Plaintiffs' Motion for Approval of Attorneys' Fees, Costs, and Class Representatives' and Opt-ins' Enhancements ("Fee Motion") (ECF No. 83).  The Court granted preliminary approval of the Settlement Agreement by Order dated November 24, 2014.  ECF No. 80.

3.     As Class Counsel, I continue to believe that this Settlement is an exceptional result for the Class, particularly when compared to the amount recovered and risks faced with continued litigation. My support of this Settlement is bolstered by the fact that all 162 Class Members will receive payment from it, no Class Member has either objected to or requested exclusion from it, and three Class Members have submitted affirmative declarations in support of the Settlement.  Thus, this Settlement should be approved by the Court because it is fair, reasonable, and adequate.

## I.     SUCCESSFUL MAILING OF NOTICE TO THE CLASS

4.     I am informed and believe that the Court approved Notice of Settlement was mailed to the Class on December 18, 2014.  *See* Declaration of Ani Shirinian of CPT Group ("Shirinian Decl.") ¶ 7, filed herewith.  After the re-mailing of four Notices,

I understand that CPT, the Settlement Administrator, successful mailed Notices to all 162 Class Members.

5.      After preliminary approval and during the Notice period, my firm has had contact with several Class Members about the Settlement – all of whom expressed their support of the Settlement and its terms.

6.      I understand that no Class Member objected to the Settlement or any of its terms and that no Class Member requested exclusion.  Accordingly, all 162 Settlement Class Members will participate in this Settlement and receive their respective awards. In my experience and professional opinion, this is an extraordinary result.  In addition, three Class Members, Michael Grant, Rick Orwig, and Lori Matzke, have submitted declarations in support of the Settlement and its terms, which are filed herewith.

## II.      UPDATE REGARDING CLASS COUNSEL'S REQUESTED FEES AND COSTS AWARD.

7.      Plaintiffs' Fee Motion set forth in detail the authority and facts supporting Plaintiffs' requested attorneys' fees and costs award. ECF No. 81. In the interest of economy, I will not repeat that information here and instead, incorporate it by reference.

8.      In that motion, I provided my firm's lodestar figure of $292,000.00, which accounted for billed time through January 29, 2015 plus an additional 100 hours of expected work required to bring the Settlement to completion.  Since then, my firm has continued to expend hours on this Settlement, which has included overseeing the Notice administration, assisting with completion of Plaintiffs' Fee Motion, gathering Class Member declarations in support of final approval, and drafting and filing the Motion for Final Approval.  From January 29, 2015 to March 5, 2015, my firm has expended an additional 42 hours of attorney and paralegal hours on these case activities, which has resulted in an updated lodestar of $255,915.00. *See* Exhibit 1.  I expect that my firm's final lodestar will total $278,915.00 once an additional 40 hours of anticipated future work are expended to bring the Settlement to conclusion. While my previous final

566095.5

lodestar estimate was reasonable, it turned out to be an overestimate due to the Settlement administration's uneventfulness – a positive development for the Class ultimately. Class Counsel ended up spending less time on administration issues than expected because there were no objections, no requests for exclusion, no need to find numerous deliverable addresses, and only one undocumented work week dispute. Accordingly, I have adjusted my firm's expected final lodestar figure downward. However, there remain several expected future tasks to bring the Settlement to conclusion, which is estimated to require 40 hours of work and will include obtaining final approval, assuring payout to Class Members, responding to questions and concerns of Class Members and the Settlement Administrator during the payout process, submitting the final accounting (if requested by the Court), and ensuring proper distribution to the Court approved *cy pres* beneficiary. It is possible that this additional work required to complete this Settlement may be greater than my estimate of 40 hours and thus, result in a larger lodestar than I have estimated above.

9. In addition, as of March 5, 2015, GBDH has advanced $8,993.00 in out-of-pocket costs to prosecute this case. *See* Exhibit 2. These costs and expenses, which are reflected in the accounting books and records that GBDH maintains in the ordinary course of business, include various recoverable expenditures that were necessary to the prosecution of this case, including fees paid to the mediator and arbitrators, in-house copying, computerized research services to do legal research necessary to litigate this case, and messenger, Federal Express, UPS, and postage costs.

10. I also expect my firm to incur additional costs between now and the completion of the Settlement, which will include preparing for the final approval hearing, traveling to and attending the final approval hearing in Santa Ana, California from Oakland, California, monitoring the distribution of monies to the Class, and completing final accounting to the Court (if requested). I estimate that these additional

3

DECL. OF LAURA L. HO ISO PLAINTIFFS' UNOPPOSED MOT. FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 13-cv-00511 (JLS)(JPRx)

566095.5

costs will total $1,000.  In total, I expect my firm's total incurred costs for this case will be $9,993.00.

11.    I have reviewed the billing and expense records described above and certify to the Court that these records accurately reflect work reasonably and necessarily performed and expenses reasonably and necessarily incurred in connection with the litigation of this matter.

12.    Applying the lodestar crosscheck to Plaintiffs' common fund request, the reasonableness of the requested $800,000 fee award is confirmed because it is equal to Class Counsel's combined lodestars subject to an appropriate 1.27 multiplier. Accordingly, the Court should approve the requested fee award.

13.    The Court should also approve Plaintiffs' requested payment of $18,000 in costs because it will reimburse Class Counsel for their reasonably and necessarily incurred costs to date as well as expected additional costs required to secure final approval and monitor the distribution process.  It is also less than the $25,000 to which the Class had no objections and what Defendants agreed to pay as part of the Settlement.

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct, and that this Declaration was executed this 6th day of March, 2015, in Oakland, California.


_____*/s/ Laura L. Ho*_____
Laura L. Ho

566095.5

# EXHIBIT 1

# GBDH Rate & Hours Summary for a Matter

fees matter id='591' and not on hold

Matter ID: **591**
Client Sort: **JPMC-Appraiser**
Description: **JP Morgan Chase - appraisers**

| Professional | Hours | Current Rate | Dollars |
|---|---|---|---|
| David A. Borgen | 39.00 | 795.00 | 31,005.00 |
| Laura L. Ho | 73.00 | 725.00 | 52,925.00 |
| Joseph E. Jaramillo | 7.70 | 675.00 | 5,197.50 |
| James Kan | 36.60 | 575.00 | 21,045.00 |
| Katrina Eiland | 116.90 | 400.00 | 46,760.00 |
| Nancy Hanna | 143.80 | 375.00 | 53,925.00 |
| Scott G. Grimes - stat | 14.10 | 275.00 | 3,877.50 |
| Scott G. Grimes | 12.60 | 250.00 | 3,150.00 |
| Jacqueline V. Thompson | 0.80 | 250.00 | 200.00 |
| Charlotte Manapat-Nguyen | 194.00 | 195.00 | 37,830.00 |
| **Totals for this Matter and Date Range in Query:** | **638.50** | | **255,915.00** |

# EXHIBIT 2

# GBDH Costs Detail

costs matter id='591' and not on hold and date < 3/31/15

| Date | Narrative | Value |
|------|-----------|------:|
| **Component: cpy** | | |
| 6/30/2013 | In-House Copying @ $.10/page | 51.10 |
| 8/31/2013 | In-House Copying @ $.10/page | 0.40 |
| 8/31/2013 | In-House Copying @ $.10/page | 8.40 |
| 10/31/2013 | In-House Copying @ $.10/page | 0.20 |
| 11/30/2013 | In-House Copying @ $.10/page | 2.50 |
| 12/31/2013 | In-House Copying @ $.10/page | 1.20 |
| 3/31/2014 | In-House Copying @ $.10/page | 27.60 |
| | **Component: cpy** | **91.40** |
| **Component: mes1** | | |
| 6/26/2013 | FedEx to US Dist Ct, Central Dist | 59.46 |
| | **Component: mes1** | **59.46** |
| **Component: mes2** | | |
| 8/7/2013 | Fedex to L. Moles | 10.59 |
| 10/18/2013 | Federal Express to Judge Staton | 12.09 |
| 11/11/2013 | Federal Express to US Dist Ct | 12.03 |
| 3/10/2014 | Federal Express to AAA | 15.44 |
| | **Component: mes2** | **50.15** |
| **Component: post** | | |
| 10/31/2013 | In-House Postage | 2.18 |
| 11/30/2013 | In-House Postage | 3.24 |
| 12/31/2013 | In-House Postage | 2.38 |
| 3/31/2014 | In-House Postage | 3.50 |
| | **Component: post** | **11.30** |
| **Component: rslw** | | |
| 6/30/2013 | Pacer, Q2 2013 - JPMC intake | 0.40 |
| 6/30/2013 | Pacer, Q2 2013 | 27.70 |
| 6/30/2013 | Westlaw, 6/2013 | 46.77 |
| 7/31/2013 | Westlaw, 7/2013 | 2,405.35 |
| 8/31/2013 | Westlaw, 8/2013 | 72.01 |

# GBDH Costs Detail

costs matter id='591' and not on hold and date < 3/31/15

| Date | Narrative | Value |
|------|-----------|------|
| 9/30/2013 | Pacer, Q3 2013 | 11.10 |
| 9/30/2013 | Westlaw, 9/2013 | 42.13 |
| 10/31/2013 | LexisNexis Risk Data Management Inc | 2.97 |
| 10/31/2013 | Westlaw, 10/2013 | 797.73 |
| 11/30/2013 | Westlaw, 11/2013 | 607.78 |
| 12/31/2013 | Pacer Q4 2013 research | 31.20 |
| 12/31/2013 | Westlaw, 12/2013 | 7.54 |
| 3/31/2014 | Westlaw, 3/2014 | 60.81 |
| 3/31/2014 | Pacer Q1 2014 | 6.10 |
| 4/30/2014 | Westlaw, 3/2014 | 60.84 |
| 9/30/2014 | Westlaw, 9/2014 | 67.61 |
| | **Component: rslw** | **4,248.04** |

**Component: sma**

| 3/10/2014 | American Arbitration Association - demand for arbitration | 200.00 |
|------|-----------|------|
| 4/18/2014 | American Arbitration Association - Lee/Thompson arbitration | 150.00 |
| 6/17/2014 | Dickstein Dispute Resolution - mediation | 2,750.00 |
| 7/13/2014 | Dickstein Dispute Resolution - mediation services 6/14/14-7/9/14 | 1,106.25 |
| | **Component: sma** | **4,206.25** |

**Component: tp**

| 7/31/2013 | Telephone | 21.88 |
|------|-----------|------|
| 10/31/2013 | Telephone | 4.79 |
| 11/30/2013 | Telephone | 0.51 |
| 10/17/2014 | Global Crossing Conferencing | 1.82 |
| | **Component: tp** | **29.00** |

**Component: tra**

| 6/17/2014 | L. Ho BART fare to SF - mediation | 3.30 |
|------|-----------|------|
| 6/17/2014 | L. Ho taxi - mediation | 45.31 |
| 7/15/2014 | David Borgen parking - meeting w/ L. Ho and B. Schwartz | 5.00 |
| | **Component: tra** | **53.61** |

**Component: trm**

| 8/8/2013 | D. Borgen and B. Schwartz lunch - meet & confer | 35.92 |
|------|-----------|------|

# GBDH Costs Detail

costs matter id='591' and not on hold and date < 3/31/15

| Date | Narrative | Value |
|---|---|---|
| 5/30/2014 | D. Borgen, L. Ho, and B. Schwartz - lunch meeting | 61.06 |
| 6/17/2014 | L. Ho and B. Schwartz lunch - mediation | 6.00 |
| 6/17/2014 | L. Ho lunch - mediation | 16.61 |
| 6/17/2014 | L. Ho dinner - mediation | 34.34 |
| 9/2/2014 | L. Ho, D. Borgen, and B. Schwartz lunch meeting | 55.96 |
| 11/4/2014 | L. Ho and B. Schwartz lunch - prelim approval hearing | 33.90 |
| | **Component: trm** | **243.79** |
| | **Grand Total** | **8,993.00** |